UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:   Rohena W Whittingham               Case No: 13-36719-EPK
                                            Chapter 13

_____Debtor_____/

**MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN
ON REAL PROPERTY HELD BY SUNTRUST BANK**

**IMPORTANT NOTICE TO CREDITORS:
THIS IS A MOTION TO VALUE YOUR COLLATERAL**

**This Motion seeks to value collateral described below securing the claim of the creditor listed below.**

_____

**IF YOU DISPUTE THE VALUE ALLEGED OR TREATMENT OF YOUR CLAIM PROPOSED IN THIS MOTION, YOU MUST FILE A WRITTEN OBJECTION NO LATER THAN TWO BUSINESS DAYS PRIOR TO THE SCHEDULED HEARING
[SEE LOCAL RULE 3015-3(A)(2)]**

**If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4)]**

1. Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, and Local Rule 3015-3, the debtor seeks to value real property securing the claim of Suntrust Bank (the "Lender").  Lender holds a mortgage recorded on January 26, 2006 at OR Book 41343 Page 1607 in the official records of Broward County, Florida.

2. The real property is located at 61 Pleasant Hill Lane Tamarac, FL. 33319, and is more particularly described as follows:

Building No. 31, Townhouse (Unit) no. 61, in the Shaker Village Condominium, Phase I, according to the Declaration of Condominium file for record in Official Records Book 5224, Page 154, of the Public Records of Broward County, Florida, and any amendments thereto, together with an undivided interest in the common elements declared in said declaration to the an appurtenance to the above described townhouse (unit).

3. At the time of the filing of this case, the value of the real property is $53,000.00 as determined by debtor.

LF-77 (rev. 08/01/11)

4.	JPMorgan Chase Bank holds a lien on the real property, senior to priority to Lender, securing a claim in the amount of $133,723.00.

5.	Lender's collateral consists solely of the debtor's principal residence.  As there is no equity in the real property after payment in full of the claims secured by liens senior to that of Lender, the value of Lender's secured interest in the real property is $0.

6.	The undersigned reviewed the docket and claims register and states: Lender has filed a proof of claim in this case (POC# 4).  It shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

7.	The subject real property may not be sold or refinanced without proper notice and further order of the court.

**WHEREFORE,** the debtor respectfully requests an order of the Court  (a) determining the value of the real property in the amount asserted in this Motion, (b) determining the secured status of the Lender's lien as stated above, (c) determining that any timely filed proof of claim is classified as stated above, (d) if Lender's secured interest in the real property is determined to be $0, deeming Lender's mortgage on the real property void and extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case, and (e) providing such other and further relief as is just.

**NOTICE IS HEREBY GIVEN THAT:**

1.	In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at least two (2) business days prior to the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing or order of the Court.  Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

2.	The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

**Submitted by:**

Sean I. Koplow, P.A.
6801 Lake Worth Road Suite 315
Lake Worth, FL  33467
(561) 642-3000
(561) 965-4966 Facsimile
email: seankoplow@gmail.com
FBN:  0463205


SIK:ao
LF-77 (rev. 08/01/11)